**MEISTER BRAU, INC., Plaintiff,**

v.

**RHEINGOLD BREWERIES, INC.**

and

Amylase A.G., Defendants.

Civ. A. No. 1265–68.

United States District Court

District of Columbia.

Jan. 17, 1969.

Edward B. Beale, Washington, D. C., for plaintiff.

Irvin A. Lavine, Washington, D. C., for Rheingold Breweries, Inc.

Ellsworth H. Mosher, Washington, D. C., for Amylase A.G.

MEMORANDUM OPINION

GASCH, District Judge.

This matter came on for hearing on defendant's motion to dismiss on the ground that the Court lacks jurisdiction over defendant, a nonresident corporation, not doing business in the District of Columbia.

From the pleadings and representations of counsel, it appears that plaintiff's complaint seeks declaratory relief against defendant Rheingold Breweries, Inc., of Brooklyn, New York, and a Swiss corporation, Amylase A.G., as a result of defendant's contention that plaintiff is infringing defendant's patent relating to the manufacture of a certain low calorie beer. In short, the complaint for declaratory relief denies infringement and seeks a declaration to that effect. Amylase is said to be the holder of the patent in question and Rheingold is said to be the exclusive licensee of Amylase. Amylase has filed an answer and counterclaim as a result of which it would appear that it has accepted jurisdiction of this Court.

Defendant Rheingold denies that it is doing business in the District of Columbia, pointing out that it has no office or warehouse in this jurisdiction nor does it have any resident agent. With respect to the doctrine of doing business in the District of Columbia, plaintiff relies

upon depositions taken of former distributors, Tyser and Forman. These depositions reflect that the relationship between Rheingold and the distributors contemplated delivery by the brewery to a common carrier for shipment f. o. b. to the distributor. Some evidence was brought to the attention of the Court that title was retained to beer kegs and beer bottles.

Defendant Rheingold contends, on the other hand, that most of the beer in question was transported in cans and non-returnable bottles. The amount in question, namely, the value of the returnable kegs and bottles, seems to represent a monthly figure of approximately two hundred sixty dollars ($260) for the month mentioned by the plaintiff. Plaintiff also places some reliance upon the fact that certain radio and TV programs advertising Rheingold's product were shown in this jurisdiction and paid for by Rheingold. The solicitation for Forman's distributorship, however, was admitted to be by Forman and not Rheingold.

On these facts, the Court agrees with Rheingold. The local cases on doing business in the District of Columbia, Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943), and Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142 (1945), reflect facts clearly distinguishable from what is shown here. For instance, in *Frene,* there was a local agent who spent at least part of his time in the District of Columbia.

> He was not *required* by his original authorization to do more than this. But he did more, did it regularly, and did it with defendant's knowledge, consent and approval. He not only solicited and forwarded orders. He visited the jobs where defendant's product was being used, made suggestions for solving difficulties which arose in its use, received complaints, forwarded them to the home office, and, while he had no authority to make final settlements or contractual adjustments, aided generally both in preventing and in clearing up misunderstandings and difficulties arising in the course of performance of defendant's contracts. While this additional activity was not formally required of him, it was authorized, if in no other way, by defendant's acquiescence and continued acceptance of the benefit of his efforts in these respects.[1]

On these facts the Court held that the company was doing business in the District. In *Mueller Brass* the maintenance of an office by appellant, and a listing of a telephone and in the city directory were circumstances of material significance. Because of the fact that the great majority of Mueller's business was with the Government of the United States, the District Court's decision that Mueller was doing business in the District of Columbia was reversed by the Court of Appeals. Consideration of the principles enunciated in these cases leads the Court to the conclusion that defendant Rheingold is not doing business in the District of Columbia and that service of process on Rheingold, effected by publication and pursuant to order of this Court ex parte, service being accomplished by the Marshal of the Eastern District of New York, should be quashed and the motion to dismiss as to Rheingold granted. See also Collins v. New York Central System, 117 U.S.App.D.C. 182, 327 F.2d 880 (1963), and cases collected therein.

1. Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 135, 134 F.2d 511, 517 (1943).